IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LINDA IFEOMA AMAECHI,**<br><br>*Plaintiff*,<br><br>v.<br><br>**GEICO,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:20-cv-00442-TES** |

**ORDER TO COMPEL DISCOVERY**

Before the Court is Defendant's Motion to Compel [23]. Defendant asks this court to order Plaintiff to provide complete responses to its Interrogatories, Requests for Production of Documents, and provide complete initial disclosures. [Doc. 23-1, p. 5]. Also, should no responsive documents exist, Defendant asks this Court to order Plaintiff to provide a response verifying as such. [*Id.*]. As detailed below, the Court **GRANTS** Defendant's Motion to Compel.

Plaintiff filed her Complaint against GEICO on November 23, 2020 bringing a number of claims alleging adverse employment action. [Doc. 1]. Plaintiff served the summons on Defendant's designated agent on February 10, 2021—more than two months after filing her complaint. [Doc. 3]. Defendants then moved for dismissal, or in the alternative for a more definite statement, shortly after being served. [Doc. 4]. The

Court then ordered Plaintiff to recast her Complaint in order to comply with Federal Rules of Civil Procedure 8 and 10. *See* [Doc. 11, p. 2]. Plaintiff filed her Recast Complaint [Doc. 12] on April 14, 2021. Defendant then moved to dismiss Plaintiff's Recast Complaint [Doc. 13], and over Plaintiff's objections in her Response[1] [Doc. 14], the Court granted dismissal of all claims that are time-barred. [Doc. 16]. Following the Court's Order, Defendant filed its Answer [Doc. 17] addressing Plaintiff's remaining claims.

Pursuant to the Court's Scheduling Order, Defendant requested a conference to discuss discovery issues pertaining to Plaintiff's failure to produce requested documents. The Court set a telephone conference for December 17, 2021. Notice of Setting Hearing, No. 5:20-cv-00442-TES (M.D. Ga. Dec. 17, 2021). Although Plaintiff did not receive call-in instructions, the Court ordered her to provide Defendant the documents at issue, notified Defendant it may formally file a Motion to Compel, and reminded Plaintiff that she runs the risk of having her case dismissed pursuant to Federal Rule of Civil Procedure 41 if she fails to prosecute her case or comply with the Court's orders. [Doc. 21]. Six days later, Defendant filed the current Motion to Compel. [Doc. 23].

---

[1] Plaintiff titled her responsive filing as a "Motion to Strike Defendant's Partial Motion to Dismiss Plaintiff's Recast Complaint." However, the Court construed this "Motion to Strike" as a Response.

"District [c]ourt[s] [have] broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011)). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)).

Defendant asserts that it "is unable to fully complete its discovery, including completion of a full and complete deposition of Plaintiff, until she provides complete responses to [its] discovery requests and initial disclosures." [Doc. 23-1, p. 5]. Despite numerous attempts by Defendant, Plaintiff has failed to provide the requested documents. [*Id.* at pp. 2–4]. Plaintiff has not provided the Court with any explanation as to why it should not compel discovery in this matter. As such, the Court **GRANTS** Defendant's Motion to Compel [Doc. 23] and **ORDERS** Plaintiff to provide complete responses to Defendant's Interrogatories and Requests for Production of Documents and provide complete initial disclosures **within 10 days** of the date of this Order—February 7, 2022. If no responsive documents exist, then the Court **ORDERS** Plaintiff to respond to this order verifying as such. The Court reminds Plaintiff of her duty to fully

comply with the Court's discovery orders and that failure to do so can result in the dismissal of her case. *See* Fed. R. Civ. P. 37(b)(2).

    **SO ORDERED**, this 28th day of January, 2022.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
